**[Cite as *In re J.F.*, 2016-Ohio-1285.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

IN RE: J.F.

C.A. No.     15AP0058

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     2014 JUV-C 000332

DECISION AND JOURNAL ENTRY

Dated: March 28, 2016

CARR, Presiding Judge.

{¶1}    Appellant, Jesse F. ("Father"), appeals from a judgment of the Wayne County Court of Common Pleas, Juvenile Division, that terminated his parental rights and placed his minor child in the permanent custody of Wayne County Children Services Board ("CSB"). This Court affirms.

I.

{¶2}    Father is the biological father of J.F., born March 23, 2014. J.F.'s mother voluntarily relinquished her parental rights and did not appeal from the trial court's judgment.

{¶3}    J.F. and his mother both tested positive for cocaine and opiates at the time of the child's birth. J.F.'s older siblings had already been adjudicated as dependent children and placed in CSB temporary custody because of drug use by both parents and domestic violence in the home. Consequently, CSB filed a complaint, alleging that J.F. was an abused, neglected, and dependent child.

{¶4} At the shelter care hearing, the trial court appointed counsel to represent Father. Father continued to be represented by court-appointed counsel throughout these proceedings. Because Father had a pending case with his other minor children, J.F. was added to the existing case plan. According to the record, Father verbally agreed to adopt those case plan requirements in this case. This case proceeded to adjudication and both parents stipulated to a finding that J.F. was an abused child. The allegations of neglect and dependency were dismissed. The parties later agreed that J.F. would be placed in the temporary custody of CSB and that the case plan would be adopted. At the dispositional hearing, the trial judge questioned Father directly to verify that he agreed to the case plan, had no questions about it, and understood that he was required to follow it as an order of the court.

{¶5} On August 11, 2014, the trial court held a review hearing that Father failed to attend. Father's counsel reported to the court that she did not know why Father was not there and that the last contact she had with him was more than one month earlier. The record further reveals that Father had not been complying with the primary requirements of the case plan. Specifically, throughout July and August, he did not visit J.F. or submit to drug testing; he failed to maintain contact with CSB, his attorney, or the court; and he still had not obtained a drug assessment or domestic violence assessment. Although Father later obtained a domestic violence assessment, he denied that he had a problem, so he made no progress in counseling. He later completed a drug assessment, but continued to test positive for drugs.

{¶6} Father was later convicted of multiple drug offenses as well as child endangering for conducting drug activity in the presence of another child. During April 2015, he was sentenced to three years' incarceration. While incarcerated, Father sent a letter to the court

through his counsel, stating that Mother had informed him that the foster parents wanted to adopt J.F. but that he was opposed to the child being adopted by anyone other than family.

{¶7} CSB eventually moved for permanent custody of J.F. Although Father was incarcerated, he was transported to court on November 6, 2015, to attend the hearing and appeared with court-appointed counsel. Father completed and signed a written "PARENTAL STIPULATION TO PERMANENT CUSTODY" and the trial judge also questioned him extensively about whether he was voluntarily and knowingly surrendering his parental rights to J.F. The trial court accepted Father's voluntary surrender, as well as the voluntary surrender by J.F.'s mother, and terminated their parental rights.

{¶8} Two weeks later, the trial court received a letter from Father, in which Father stated that he wanted to appeal the permanent custody decision based on "threats, lies, discrimination, and wrongful injustice." The same day, the trial court appointed counsel to represent Father on appeal.

{¶9} Father's appointed counsel filed a timely appeal. In lieu of a merit brief, appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which she asserted that there were no meritorious issues to raise on Father's behalf and that an appeal would be frivolous. Counsel moved this Court to accept the *Anders* Brief in lieu of a merit brief and to permit her to withdraw from the case.

II.

{¶10} As part of this Court's review of the record, it has also considered the allegations that Father raised in letters submitted to this Court and the trial court that he did not understand his rights and that CSB lied to him and pressured him into surrendering his parental rights. Father's appellate counsel has raised a similar potential issue of whether the record supports

Father's allegations and/or whether the trial court took sufficient steps to ensure that Father made a voluntary, knowing, and intelligent waiver of his parental rights. Appellate counsel reviewed the record and concluded that these related issues have no merit. This Court agrees.

{¶11} "'In a case where parental rights are permanently terminated, it is of utmost importance that the parties fully understand their rights and that any waiver is made with full knowledge of those rights and the consequences which will follow.'" *In re Rock Children,* 5th Dist. Stark No. 2004CA00358, 2005-Ohio-2572, ¶ 17, quoting *Elmer v. Lucas Cty. Children Servs. Bd.,* 36 Ohio App.3d 241, 245 (6th Dist.1987). Consequently, some courts have held that a trial court must comply with Juv.R. 29(D) when accepting a parent's stipulation to permanent custody. *See, e.g.*, *In re Rock Children* at ¶ 12; *In re C.P.,* 8th Dist. Cuyahoga No. 91393, 2008-Ohio-4700, ¶ 10-11, 18-24; *In re Foresha/Kinkel Children,* 5th Dist. Stark No. 2003CA00364, 2004-Ohio-578, ¶ 5-15.

{¶12} Juv.R. 29(D) requires the trial court to ascertain that:

The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission [and that]

The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the [permanent custody] hearing.

{¶13} The record in this case reveals that the trial court required Father to complete and sign a written stipulation to permanent custody. In the written form, Father indicated, among other things, that he had had been represented by counsel, was satisfied with counsel, and had discussed his case with counsel; that he voluntarily agreed to his child being placed in the permanent custody of CSB; that he understood that his parental rights would be terminated and his relationship with his child would end; that he was waiving his right to a contested trial during which CSB would be required to prove its case by clear and convincing evidence; that he was

knowingly waiving his parental rights without any threats or promises by anyone; and that he agreed that permanent custody was in the best interest of his child.

{¶14} At the hearing, after Father's counsel informed the trial judge that Father had reviewed and signed the stipulation form, the trial judge personally questioned Father about his voluntary relinquishment of parental rights. Through affirmative responses to the trial judge's questions, Father stated that he understood that his relationship with his child would end; that he was waiving his right to a hearing to contest the motion for permanent custody, during which he would have the right to present evidence and CSB would be required to prove by clear and convincing evidence that permanent custody was in the child's best interest; that he had discussed the matter with trial counsel, who answered all of his questions and that he had no additional questions; that he was not under the influence of drugs or alcohol or any other disability; and that he was surrendering his parental rights without any promises or threats from anyone.

{¶15} There is nothing in the record to suggest that Father did not voluntarily, knowingly, and intelligently relinquish his parental rights. Moreover, this Court's independent review of the record has failed to reveal any issues that would arguably support a reversal of the judgment of the trial court. Consequently, Father's appeal is without merit and frivolous under *Anders v. California*, 386 U.S. 738 (1967). The request by Father's attorney for permission to withdraw is granted.

III.

{¶16} Father's appeal is without merit. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CHRISTINA I. REIHELD, Attorney at Law, for Appellant.

MARIE MOORE, Attorney at Law, for Appellee.

MELODY BRIAND, Assistant Prosecuting Attorney, for Appellee.